People v Brown (2023 NY Slip Op 00635)

People v Brown

2023 NY Slip Op 00635

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 7282/03 Appeal No. 17254 Case No. 2017-2953 

[*1]The People of the State of New York, Respondent,
v
Frank Brown, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about April 6, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's successful completion of treatment and vocational programs, and his favorable disciplinary record were adequately taken into account by the risk assessment instrument (see People v Stuckey, 174 AD3d 454, 455 [1st Dept 2019]), and defendant did not establish his response to sex offender therapy was exceptional (see People v Bonnemere, 201 AD3d 475, 475 [1st Dept 2022]). Defendant has not shown that his age reduced his risk of reoffense to an extent warranting a departure (see People v Gomez, 201 AD3d 601, 601 [1st Dept 2022]). In any event, these mitigating factors were outweighed by the seriousness of defendant's underlying crime as well as his criminal record. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023